IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FIRST NATIONAL BANK OF SYRACUSE,

                Plaintiff,

vs.

GARY HILL,

                Defendant.

Case No. 10-1161-JTM-JPO

## ANSWER OF DEFENDANT GARY HILL TO COMPLAINT

COMES NOW, the Defendant, Gary Hill, and in response to the Complaint states:

1. Paragraphs 1, 2, 3 and 4 are admitted.

2. This Defendant admits that Falcon Ridge Investment Company, LLC, entered into a loan arrangement with the Plaintiff, but does not have access to the specific documentation and cannot verify the accuracy of the remaining allegations. The Defendant therefore denies the allegations in Paragraph 5 and holds the Plaintiff on strict proof as to amounts and terms of said loan.

3. This Defendant admits that he entered into a guaranty on a loan to the Plaintiff made on behalf of Falcon Ridge Investment Company, LLC. However, this Defendant believes that additional parties, not named herein, also guaranteed the same loan. Their participation, Defendant believes, is necessary to a final determination as to the facts and legal issues in this matter.

4. The Defendant does not have access currently to the documents reflecting the guaranty to Plaintiff and therefore cannot affirm or deny the truth of the allegations set forth in Paragraph 7. However, Paragraph 7 is denied to the extent that it reaches legal conclusions not

supported by facts. The documents speak for themselves and this Defendant holds Plaintiff on strict proof as to the terms and conditions of said note and guaranty.

5. This Defendant does not have the documents available to him in order to admit or deny the truth of the allegations of Paragraphs 8 and 9, except that this Defendant denies that he waived any and all rights or defenses which he may have in connection with this matter and holds Plaintiff on strict proof thereof.

6. Paragraph 10 cannot be specifically admitted or denied because this Defendant does not have access to the documents. However, Defendant generally denies the same and holds the Plaintiff on strict proof as to the allegations set forth therein.

7. Paragraph 11 is denied.

8. The Defendant admits that Plaintiff made a loan to West Kansas Produce, LLC, but does not have access to the documentation underlying the note and loan and therefore can neither admit nor deny the truth of the allegations. The Defendant holds Plaintiff on strict proof and generally denies the allegations as to terms and conditions of said note.

9. The Defendant admits that he entered into a guaranty with the Plaintiff in connection with the West Kansas Produce, LLC, loan, but believes that other individuals also entered into a commercial guaranty on the same loan. Therefore, Plaintiff has failed to include other necessary parties.

10. This Defendant does not have the documents before him and therefore denies the allegations of Paragraphs 14, 15, 16 and 17 and holds Plaintiff on strict proof, and denies any allegations contained in Paragraphs 14, 15, 16 and 17 purporting to state legal positions with respect to the terms and conditions of the loans.

11. This Defendant denies the allegations of Paragraph 18.

12. The Defendant admits the allegations of Paragraph 19, but denies specifically any allegations implying that he is obligated currently to the Plaintiff for any specific amounts and holds Plaintiff on strict proof thereof.

13. The Defendant admits on information and belief that Falcon Ridge filed for Chapter 11 bankruptcy protection, but denies the allegations of Paragraphs 21 through 23 since this Defendant has received no information regarding the same and holds Plaintiff on strict proof as to whether or not the Falcon Ridge loan was properly sold and/or the proceeds of said sale properly applied. This Defendant further denies that he is obligated to the Plaintiff as to any specific amounts until such time as proof can be determined as to the factual circumstances underlying the default by Falcon Ridge and West Kansas Produce and the proper disposal of assets pursuant to federal bankruptcy law.

14. Paragraphs 24 through 29 are denied. The Defendant has received no specific demands for payment and therefore has not refused to honor any lawful obligations. Furthermore, the Defendant denies the amounts alleged to be owed under any cause of action and holds Plaintiff on strict proof as to proper application of amounts received by it under the loans.

15. Paragraphs 30 through 38 are denied.

16. As Affirmative Defenses, the Defendant asserts the theories of waiver, estoppel, failure of conditions precedent, release, satisfaction and accord, and failure of consideration.

17. To the extent that the Plaintiff is deemed entitled to any amounts from the Defendant based upon their allegations herein, this Defendant is entitled to contribution from unnamed parties who guaranteed the loans or some of them.

18. To the extent discovery determines that the Plaintiff has improperly disposed of collateral securing the aforementioned loans or improperly applied the proceeds therefrom, the Plaintiff has released Defendant from any obligations hereunder. The Plaintiff, under such circumstances, would have failed to mitigate its damages properly.

19. The Defendant reserves the right to add additional defenses as the discovery may determine to be applicable.

WHEREFORE, having fully responded, this Defendant prays that the Plaintiff take nothing from its claims.

### Designation of Trial

Pursuant to D.Kan. Rule 40.2, Plaintiff designates Wichita, Kansas, as the place of trial in the above-captioned matter.

### Request for Jury Trial

The Defendant hereby requests a trial by jury on all matters so triable.

Respectfully submitted,

BROWN, DENGLER & O'BRIEN, L.L.C.

By /s/ Robert C. Brown
   Robert C. Brown, SC #08352
   Two Brittany Place
   1938 N. Woodlawn, Suite 405
   Wichita, KS 67208
   (316) 260-9720
   *Attorneys for Defendant*

First National Bank of Syracuse v. Gary Hill<br>
Case No. 10-1161-JTM-JPO<br>
Page 5

## **CERTIFICATE OF SERVICE**

I, Robert C. Brown, hereby certify that on October 12, 2010, I electronically filed the foregoing with the clerk of the court by using the CM-ECF system, which will send a notice of electronic filing to Ryan M. Peck at rpeck@morrislaing.com.

/s/Robert C. Brown<br>
Robert C. Brown, SC #08352